UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN R. MCPHERSON                                                                    Plaintiff

v.                                                                              Civil Action No. 3:24-CV-602-RGJ

AMAZON.COM, INC., *et al.*                                                               Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an initial review of Plaintiff Stephen R. McPherson's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow one claim to proceed for further development.

**I.**

Plaintiff filed this *pro se* complaint against Defendants Amazon, Inc., and Amazon Fulfillment Center SDF4[1] for wrongful termination and harassment. [DE 1]. Defendants hired Plaintiff on October 9, 2022, as an "outbound picker," which is an employee that locates a product in the warehouse and transports the boxes to a conveyer belt for shipping. [DE 1-1 at 1]. Plaintiff alleges that Defendants created a hostile environment for Plaintiff at his place of employment once management discovered that Plaintiff was a registered sex offender. [DE 1 at 5]. Plaintiff contends that Amazon utilized both physical and verbal tactics against him and his girlfriend, who

---

[1] Plaintiff maintains that the Court has diversity jurisdiction over his claims against Defendants. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff is a citizen of Kentucky. Amazon Fulfillment Center SDF4 is located in Kentucky as well. However, caselaw reflects that Amazon Fulfillment Center SDF4 "is not a separate legal entity and is merely the location where [Plaintiff] was stationed." *See Caldwell v. Amazon.com Servs. LLC*, No. 1:22-CV-7251, 2024 WL 4589776, at *1 (D.N.J. Oct. 28, 2024). Thus, diversity jurisdiction is not destroyed. At this time, the Court will retain Amazon Fulfillment Center SDF4 as a Defendant in this action to permit Defendants to address this issue, if necessary, once service of process is achieved.

worked the same shift as Plaintiff. [*Id.*]. Specifically, Plaintiff states that "[i]t didn't take long for the harassment to begin after I started my employment at Amazon. Word had spread that I was [a] Convicted Sex offender." [DE 1-1 at 8]. According to Plaintiff, Defendants intentionally overworked him so that he would quit, resulting in injury to his back, feet, and hands. [DE 1 at 5]. Plaintiff also alleges that Defendants singled him out and daily conducted their campaign to remove him from the facility by any means necessary. [*Id.* at 6]. Plaintiff represents that after the third false write-up he received for low work productivity, he left the fulfillment center and did not return. [DE 1-1 at 6]. Three write-ups are grounds for termination. [*Id.* at 2]. Additionally, he declined to attend the "appeals conference scheduled by Amazon" and sought legal counsel to address the matter. [*Id.*]. Plaintiff also alleges that the harassment he suffered was a "violation of Kentucky State Police Rule that specifically calls for up to 90 days of Jail Time for ANY individual who knowingly harasses an individual required to register as a Sex Offender within the state of Kentucky." [DE 1-1 at 8].

Plaintiff seeks compensatory and punitive damages of 90 million dollars. [DE 1 at 6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2)(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent

"does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

A. **Title VII and KCRA**

Plaintiff alleges that Defendants unlawfully discriminated against him by harassing and eventually terminating him for being a registered sex offender. Plaintiff does not identify the

federal or state statute or law on which he bases his claims. The Court liberally construes Plaintiff's harassment and wrongful termination claims as brought under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA"), § Ky. Rev. Stat. Ann. § 344.

Title VII states that it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "A claim for hostile work environment brought under . . . KCRA . . . is analyzed under the same standards as a Title VII claim." *Allen v. Univ. of Louisville Physicians, Inc.*, No. 3:23-CV-397-RGJ, 2024 WL 629848, at *4 (W.D. Ky. Feb. 14, 2024).

To state a claim under Title VII or KCRA, "Plaintiff must first allege that he is a member of a protected class." *May v. Wal-Mart Stores, Inc.*, 819 F. Supp. 2d 652, 656 (E.D. Mich. 2011) (citing *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004)). "Registered sex offenders are not afforded protected status under Title VII." *May*, 819 F. Supp. 2d at 656 (citing *Levine v. Walmart Stores, Inc.*, No. 4:08-CV-114, 2008 WL 203658, *2 (M.D. Pa. Jan. 23, 2008) ("Clearly, felony sex offenders are not a protected class under the statute.")). Accordingly, Plaintiff fails to state a claim on which relief can be granted under Title VII and KCRA, and these claims must be dismissed.

### B. Wrongful Termination

In as much as Plaintiff intended to bring a state-law wrongful termination claim[2], the Court will address this claim.

---

[2] In as much as Plaintiff attempts to bring a state-law constructive discharge claim, "constructive discharge is not an independent claim under Kentucky law." *Marrero-Perez v. Yanfeng US Auto. Interior Sys. II LLC*, No. 3:21-CV-645-RGJ, 2022 WL 4368165, at *5 (W.D. Ky. Sept. 21, 2022).

"Ordinarily, Kentucky allows 'an employer to discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible.'" *Wollor v. Collins Aerospace Headquarters*, No. 3:23-CV-306-CHB, 2024 WL 25097, at *8 (W.D. Ky. Jan. 2, 2024) (quoting *Valdivia v. Paducah Ctr. for Health & Rehab., LLC*, 507 F. Supp. 3d 805, 811 (W.D. Ky. 2020) (cleaned up)). "But to that general rule, Kentucky recognizes a limited exception for terminations against public policy." *Id.* As such, the elements of a common law wrongful termination claim are:

> 1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.   2) That policy must be evidenced by a constitutional or statutory provision.   3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

*Id.* (quoting *Cope v. Gateway Area Dev. Dist., Inc.*, 624 F. App'x 398, 403 (6th Cir. 2015)). "'Under the first constraint, Kentucky courts only recognize three circumstances in which a discharge is actionable under the public policy exception,'" and they are: "'(1) when there are explicit legislative statements prohibiting the discharge; (2) when the alleged reason for the discharge was the employee's failure or refusal to violate a law in the course of employment; or (3) when the reason for the discharge was the employee's exercise of a right conferred by well-established legislative enactment.'" *Wollor*, 2024 WL 25097, at *8 (citation omitted).

In the present case, Plaintiff has not alleged that he was discharged for exercising a right conferred by a legislative enactment or for refusing to violate a statutory or constitutional provision. *Wollor*, 2024 WL 25097, at *8. Thus, no facts in the complaint exist upon which the Court could infer Plaintiff's termination is actionable under any public policy exception.

### C. Harassment

Plaintiff also alleges that the harassment he suffered was a "violation of Kentucky State Police Rule that specifically calls for up to 90 days of Jail Time for ANY individual who

knowingly harasses an individual required to register as a Sex Offender within the state of Kentucky."  [DE 1-1 at 8].   Kentucky Revised Statute § 17.580 provides:

> 3) The following language shall be prominently displayed on the Web site [the Sex Offender Registry Website]: "UNDER KRS 525.070 AND 525.080, USE OF INFORMATION OBTAINED FROM THIS WEB SITE TO HARASS A PERSON IDENTIFIED ON THIS WEB SITE IS A CRIMINAL OFFENSE PUNISHABLE BY UP TO NINETY (90) DAYS IN THE COUNTY JAIL. MORE SEVERE CRIMINAL PENALTIES APPLY FOR MORE SEVERE CRIMES COMMITTED AGAINST A PERSON IDENTIFIED ON THIS WEB SITE."

Ky. Rev. Stat. Ann. § 17.580(3).   As such, Plaintiff asserts harassment claims against Defendants under Kentucky Revised Statutes § 446.070 and § 525.070(1)(e).

"Section 446.070 creates a private cause of action for civil damages available to '[a] person injured by the violation of any [Kentucky] statute[,]' including § 525.070."  *Faulk v. Knoxville HMA Holdings, LLC*, No. 3:21-CV-00755, 2023 WL 6536187, at *8 (M.D. Tenn. Aug. 14, 2023) (quoting Ky. Rev. Stat. Ann. § 446.070).   "Section 525.070(1)(e) is a criminal statute providing that '[a] person is guilty of harassment, when, with intent to intimidate, harass, annoy, or alarm another person, he or she' '[e]ngages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose[.]'"  *Faulk*, 2023 WL 6536187, at *8 (quoting Ky. Rev. Stat. Ann. § 525.070(1)(e)); *see also Montell v. Diversified Clinical Servs. Inc.*, 969 F. Supp. 2d 798, 806 (E.D. Ky. 2013), *aff'd in part, rev'd in part on other grounds*, 757 F.3d 497 (6th Cir. 2014); *Collins v. Daniel*, No. 2023-CA-0851-MR, 2024 WL 2982771, at *11 (Ky. Ct. App. June 14, 2024) (citing *Hensley v. Gadd*, 560 S.W.3d 516, 527 (Ky. 2018)); *Talley v. MAC Auto Team, LLC*, No. 2015-CA-000453-MR, 2016 WL 4410091, at *3 (Ky. Ct. App. Aug. 19, 2016).

Plaintiff alleges that Defendants' course of conduct includes "harassment through physical and verbal tactics," "willfully . . . overwork[ing] Plaintiff," and false write-ups.   [DE 1; DE 1-1].

Accepting the factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff asserts that this course of conduct served no legitimate purpose, was alarming or annoying, and was intended to intimidate, harass, annoy, or alarm him. *See Taylor v. United States*, No. 7:22-CV-97-CHB-HAI, 2024 WL 3739664, at *8 (E.D. Ky. Feb. 27, 2024). Accordingly, the Court will allow this claim to proceed against Defendants.

## IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's claims under Title VII, KCRA, and for wrongful termination are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted.

(2) The Court will enter a separate Service and Referral Order to govern the development of the claim it has allowed to proceed.

Date: February 5, 2025

*Rebecca Grady Jennings, District Judge*
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014