UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN R. McPHERSON                                                                                   Plaintiff

v.                                                                                      Case No. 3:24-cv-602-RGJ-CHL

AMAZON.COM, INC.
and AMAZON.COM, SDF4                                                                              Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Two matters are pending before the Court. First, named defendant "Amazon.com, Inc." moves for dismissal and substitution on the basis that nonparty "Amazon.com Services LLC" is the proper defendant in this case. [DE 17]. Second, plaintiff Stephen R. McPherson, proceeding *pro se*, requests an entry of default for failure to plead or otherwise defend. [DE 21]. Both matters are fully briefed and ripe for review. [DE 24; DE 25; DE 28; DE 29]. For the following reasons, Amazon's motion [DE 17] is **GRANTED**. "Amazon.com Services LLC" is substituted as this case's sole defendant, and Amazon shall file a diversity disclosure statement in the time permitted below. McPherson's request [DE 21] is **DENIED**.

**I. BACKGROUND**

According to the Complaint, McPherson worked for Amazon as an "outbound picker." [DE 1-1 at 1]. He alleges that Amazon, after learning that he was a registered sex offender, subjected him to a "hostile environment." [DE 1 at 5]. The Complaint names "Amazon.com, Inc." and "Amazon.com, SDF4" as defendants. [DE 1 at 1]. The Court previously noted that "Amazon.com, SDF4" was a location where McPherson worked, not a legal entity. [*See* DE 10 at 34].

The Court granted McPherson *in forma pauperis* status. [DE 7]. On initial review, *see* 28 U.S.C. § 1915(e)(2)(B), the Court identified and addressed two claims in McPherson's Complaint.

[DE 10 at 37]. First, a claim of wrongful termination under both Title VII and the Kentucky Civil Rights Act (KCRA) was dismissed for failure to state a claim upon which relief can be granted. [DE 10 at 40]. Second, a claim of negligence per se, *see* Ky. Rev. Stat. § 446.070; *see also Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 23 (Ky. 2018), was allowed to proceed. [DE 10 at 39–40]. The negligence per se claim alleges that Amazon is responsible for harassment under Kentucky's penal code. *See* Ky. Rev. Stat. § 525.070, *invalidated in part by Musselman v. Commonwealth*, 705 S.W.2d 476, 478 (Ky. 1986). Amazon has answered McPherson's Complaint. [DE 18].

## II. MOTION TO DISMISS

Amazon moves to dismiss under Rule 12(b)(7) asserting that Amazon.com Services LLC was Mr. McPherson's employer, and thus it is a necessary party within the meaning of Fed. R. Civ. Pro. 19. [DE 17 at 58-59]. As a result, Amazon asserts that dismissal of the named entities is appropriate pursuant to Rule 12(b)(7) and Amazon.com Services LLC be added or substituted as the proper party. [*Id.* at 59; DE 28 at 131]. Amazon provides an October 2022 offer-of-employment letter from "Amazon.com Services LLC" to McPherson, [DE 17-1], and the declaration of a human resources professional who attests that "Amazon.com Services LLC" employed McPherson. [DE 28-2; *see also* DE 28 at 133].

McPherson filed two response briefs to Amazon's motion. [DE 25; DE 29]. Both were untimely.[1] *See* LR 7.1(c). McPherson's first response claims that Amazon's offer-of-employment letter was "forged," asserting that "Attachment (C), has a computer generated signature and mysteriously includes in its heading........ 'Amazon.com Services LLC'.....as my employer....." [DE 25 at 105]. The second response, in substance, speaks to matters beyond Amazon's motion. [DE 29]. In reply, Amazon provides a counsel declaration "unequivocally denying" McPherson's

---

[1] McPherson is cautioned that generally, only one response brief is permitted per motion, and "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c).

2

allegations of forgery by providing a certification that the document is true and kept in the ordinary course of business. [DE 28 at 132; *see* DE 28-1]. Further Amazon clarifies that

> …pursuant to Rule 12(b)(7), Mr. McPherson's Complaint against Amazon.com, Inc. should be dismissed and Amazon.com Services LLC substituted as the defendant. Naming the correct defendant entity does not deprive Plaintiff of any right to pursue his case or prejudice him in any way; fixing the issue promptly rather than later following a dispositive motion serves the interest of all parties and judicial efficiency.

[DE 28 at 132].

The documentation and affidavits clearly indicate that "Amazon.com Services LLC" was McPherson's employer and is the proper defendant in this case. Other than the mention of an electronic signature, which is common on employment forms, McPherson provides no evidence to support the allegation that the documents were forged, and the documentation he does provide only generally uses the umbrella name Amazon but never further specifies his employer. [DE 25 at 105; DE 25-1; DE 25-2; DE 25-3]. In sum, McPherson's evidence does not contradict the documentation offered by Amazon.

### A. Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss a complaint for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004) ("...Rule 12(b)(7) permits a motion to dismiss when there is an absent person without whom complete relief cannot be granted...."). In a motion to dismiss under Rule 12(b)(7), the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in his favor. *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (citing *Paiute-Shoshone Indians of the Bishop Cmty. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011)). The defendant bears the initial burden of demonstrating that the plaintiff has failed to join a necessary or

indispensable party. *Grange Ins. Co. v. US Framing Inc.*, No. 3:22-CV-167-CHB, 2023 WL 2731045, at *3 (W.D. Ky. Mar. 30, 2023)

The Sixth Circuit has explained, "Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party." *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (citation omitted). First, the Court determines "whether a person is necessary to the action and should be joined if possible." *Id.* (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763–64 (6th Cir. 1999)). If that party is deemed necessary under Rule 19(a), the Court must next determine if that party "is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *Id.* (citations omitted). Then, if the necessary party cannot be joined, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see also PaineWebber, Inc.*, 26 F.3d at 197. Rule 19(b) then lists four factors that the Court must consider in evaluating this final step. *See* Fed. R. Civ. P. 19(b)(1)–(4).

**B. Discussion**

Amazon's motion is styled as a Rule 12(b)(7) motion to dismiss for "failure to join a party under Rule 19." [DE 17 at 59]. Amazon, however, is not asking to dismiss the complaint, but instead asking to dismiss the current parties to the case and substitute McPherson's true employer without whom complete relief cannot be granted. [DE 28 at 131].

Under the Rule 19 analysis, it is clear that McPherson's true employer would be a required party without whom complete relief cannot be granted. Moreover, joining Amazon would not eliminate the basis for subjection matter jurisdiction and thus, Amazon could be joined to the action. As a result, the Court would not reach the issue of whether, without McPherson's true employer, equity and good conscience require the case to be dismissed. Yet this does not allow for

4

the Amazon's requested relief, which is not just joining Amazon, but dismissing the two other misnamed parties. Amazon argues that "Amazon.com Services LLC" should be "*substituted* as the defendant" in order for this case to proceed. [DE 28 at 131 (emphasis added)]. Amazon is not asking the Court to terminate this case or simply join a party, but instead to substitute the proper party for a misnamed party. As a result, Rule 12(b)(7) is not the appropriate procedural mechanism to reach Amazon's requested relief.

However, because the Court construes filings "by their substantive content and not by their labels," the Court will grant the requested relief pursuant to Rule 21. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 463 (E.D. Ky. 2018) (citing *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Though the rule does not expressly address "substitution," most courts agree that Rule 21 permits the substitution of parties in circumstances beyond those contemplated by Rule 25. *In re Polo Builders*, 374 B.R. 638, 643–44 (Bankr. N.D. Ill. 2007) (collecting authorities); *see also* 7 Wright & Miller's Federal Practice & Procedure § 1686 (2025). This type of substitution is often performed where an entity like "Amazon.com, Inc." is misnamed as a defendant or mistakenly named in place of a related entity. *See, e.g.*, *Teamsters Loc. Union No. 727 Health & Welfare Fund v. L & R Grp. of Companies*, 844 F.3d 649, 652 (7th Cir. 2016); *Girdlestone v. Ace Ltd.*, No. 3:09-cv-530, 2010 WL 3341854, at *2 (E.D. Tenn. Aug. 25, 2010); *see also Baker v. Goodman*, 442 F. Supp. 3d 366, 368 n.2 (D. Me. 2020); *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1052 n.1 (N.D. Ill. 2012). Such substitution is also appropriate under this rule where a

defendant like "Amazon.com, SDF4" lacks the capacity to be sued. *See Platt v. Moore*, 15 F.4th 895, 908 (9th Cir. 2021).

Substitution under Rule 21 is particularly appropriate in cases with *pro se* plaintiffs, where repleading under Rule 15 would be needlessly inefficient. *See, e.g.*, *Memon v. Allied Domecq QSR*, 385 F.3d 871, 872 n.1 (5th Cir. 2004); *Ma v. CVS Pharmacy, Inc.*, 833 F. App'x 10, 13 (7th Cir. 2020). Accordingly, pursuant to Rule 21, "Amazon.com Services LLC" is substituted as defendant for "Amazon.com, Inc." and "Amazon.com, SDF4," both of which are dismissed from this case.

### III. REQUEST FOR ENTRY OF DEFAULT

McPherson requests that the Clerk of Court enter a default under Rule 55(a). [DE 21 at 90]. He asserts that Amazon has "failed to plead or otherwise defend." [DE 21-1 at 93]. In response, Amazon argues that both its motion to dismiss and its answer were timely filed. [DE 24 at 102].

The record indicates that Amazon was served in February 2025. [DE 13; DE 14]. On motion, the Court extended Amazon's time for serving a responsive pleading to April 15, 2025. [DE 16]. "Amazon.com, Inc." filed its motion to dismiss [DE 17] and "Amazon.com Services LLC," still a nonparty at the time, filed its answer [DE 18] on that deadline. Those papers were submitted a week before McPherson's request. [DE 21]. Furthermore, even if Amazon had not answered the Complaint, its Rule 12 motion would have stayed its time to do so. *See* Fed. R. Civ. P. 12(a)(4); *see also Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 401–02 (E.D. Ky. 2012). Amazon clearly is defending itself in this case, and there is no basis for entering a default. *See Int'l Bhd. of Teamsters Loc. 651 v. Philbeck*, 464 F. Supp. 3d 863, 879 (E.D. Ky. 2020). McPherson's request is denied.

### IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Amazon's Rule 12(b)(7) motion to dismiss [DE 17] is **GRANTED**. Pursuant to

6

Rule 21, "Amazon.com Services LLC" is substituted as this case's sole defendant in place of both "Amazon.com, Inc." and "Amazon.com, SDF4." Amazon **SHALL** file a diversity disclosure statement within **fourteen (14) days** of this order's entry. *See* Fed. R. Civ. P. 7.1(a)(2); LR 7.1.1. McPherson's request for an entry of default [DE 21] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 16, 2025