UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN R. MCPHERSON                                        Plaintiff

v.                                           Civil Action No. 3:24-cv-602-RGJ

AMAZON.COM SERVICES, LLC                                    Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant Amazon Services, LLC ("Amazon") moves for judgment on the pleadings with respect to *pro se* Plaintiff Stephen McPherson's ("McPherson") complaint. [DE 35]. McPherson responded and moved to compel discovery [DE 37], and Amazon replied [DE 39]. Briefing is complete and the matter is ripe. For the reasons below, the Court **GRANTS** Amazon's motion for judgment on the pleadings [DE 35] and **DENIES** McPherson's motion to compel discovery [DE 37].

## I.       BACKGROUND

McPherson filed his *pro se* complaint against Amazon for wrongful termination and harassment October 10, 2024. [DE 1].[1] McPherson alleges that Amazon hired him on October 9, 2022 as an "outbound picker," which is an employee that locates a product in the warehouse and transports the boxes to a conveyer belt for shipping. [DE 1-1 at 1]. McPherson alleges that, once management discovered that he was a registered sex offender, Amazon "created a hostile environment for him at his place of employment" by subjecting him to "[h]arassment through physical and verbal tactics." [DE 1 at 5]. He alleges that Amazon "willfully chose to overwork [him], so he would quit," and that he received write-ups for low productivity, despite consistently

---

[1] McPherson filed his complaint against "Amazon.com Inc." and "Amazon.com, SDF4." [DE 1]. On June 16, 2025, the Court dismissed those parties and substituted Amazon.com Services LLC. [DE 17].

working and being forced to walk back and forth across the warehouse. [*Id.* at 5, 9–10]. He maintains that these tactics were part of a "campaign to remove [him] from the facility by [any] means they felt necessary" and that, as a result of Amazon's attempts to overwork him, he suffered "extreme pain in [his] feet, back[,] and hands." [*Id.* at 6, 10]. McPherson received his third write-up for low productivity, which he states constituted grounds for termination. [*Id.* at 9, 13]. Upon receiving his third write-up, he did not return to the fulfillment center, declined to attend an "appeals conference scheduled by Amazon" and instead sought legal counsel. [*Id.* at 13]. He has been "off work . . . since January 19, 2023." [*Id.*]

The Court granted McPherson's motion to proceed *in forma pauperis* [DE 7] and thus performed an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B). [DE 10]. Pursuant to that review, the Court construed McPherson's complaint as alleging: (1) Title VII and KCRA discrimination claims; (2) common law wrongful termination in violation of public policy; and (3) harassment under KRS 446.070 and KRS 525.070(1)(e). [*Id.* at 36–39]. The Court dismissed McPherson's first two claims but allowed his harassment claim to proceed. [*Id.* at 40]. Amazon restated the claims in McPherson's complaint as numbered allegations and answered the allegations. [DE 18].

## II.     STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court applies the same legal standard as it would for a Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

Rule 12(b)(6) states that a court may dismiss a claim when the opposing party demonstrates that the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of such a motion, all well pleaded material allegations of the pleadings of the non-moving party must be taken as true, and the motion may granted only if the moving party is nevertheless clearly entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, the Court need not accept as true unsupported legal conclusions or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A complaint that fails to allege a legally cognizable claim or that fails to offer sufficient factual basis to show entitlement to relief "must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As such, a motion for judgment on the pleadings should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Winget*, 510 F.3d, at 581-82.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of

3

Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

In adjudicating a motion for judgment on the pleadings, the Court may consider not only the plaintiff's complaint but also the defendant's answer and any attachments thereto. *Baker v. Smiscik*, 49 F. Supp. 3d 489 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 12(c)). *See also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings.").

### III.     DISCUSSION

Amazon argues that McPherson's harassment claim should be dismissed for several reasons not addressed by the Court in its 28 U.S.C. § 1915 review: (1) his claims are time-barred under the one-year statute of limitations for personal injury claims; (2) his allegations fail to state a plausible negligence *per se* claim; and (3) he cannot recover any of the damages he alleges. [DE 35 at 176, 178, 180]. In response, McPherson addresses only Amazon's argument that his claims are time-barred. [DE 37]. He contends that "[t]he Statute of Limitations does not apply" because Magistrate Judge Lindsay has issued a scheduling order. [*Id.* at 189]. He also argues that a motion for judgment on the pleadings is "not permitted after a pretrial conference order has been entered."[2] [DE 37 at 188].

A. Statute of Limitations

In construing McPherson's *pro se* complaint, the Court understood McPherson to allege harassment under KRS 446.070, which "creates a private cause of action for civil damages

---

[2] Federal Rule of Civil Procedure 12(c) requires only that a party move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings in this action are closed, and trial is scheduled for March 11, 2027, making is unlikely that trial would be delayed. [DE 30]. Amazon's motion therefore comports with the requirements of Rule 12(c).

4

available to '[a] person injured by the violation of any [Kentucky] statute[,]' including § 525.070." *Faulk v. Knoxville HMA Holdings, LLC*, No. 3:21-CV-00755, 2023 WL 6536187, at \*8 (M.D. Tenn. Aug. 14, 2023) (quoting KRS 446.070). KRS 525.070(1)(e) "is a criminal statute providing that '[a] person is guilty of harassment, when, with intent to intimidate, harass, annoy, or alarm another person, he or she' '[e]ngages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose[.]'" *Faulk*, 2023 WL 6536187, at \*8 (quoting Ky. Rev. Stat. Ann. § 525.070(1)(e)). Amazon argues that this claim is time-barred by the one-year statute of limitations for personal injury claims. [DE 35 at 176]. It maintains that the statute of limitations for KRS 446.070 claims depends on the "gist" of the underlying tort, and that the "gist" of the underlying tort here is personal injury, subjecting McPherson's claim to a one-year statute of limitations. [*Id.*].

The Kentucky Supreme Court has interpreted KRS 446.070 "as codifying the common law concept of negligence per se," not as creating a new theory of liability. *Powers v. Kentucky Farm Bureau Mut. Ins. Co.*, 694 S.W.3d 361, 373 (Ky. 2024). In other words, KRS 446.070 creates an avenue through which a plaintiff may seek relief for damages suffered as a result of a defendant's violation of a statute, even when that statute does not provide a private remedy. *See Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 23 (Ky. 2018); *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 819 (E.D. Ky. 2014). Accordingly, the statute of limitations applied to claims brought under KRS 446.070 is determined by the "essence" or "gravamen" of the underlying tort the plaintiff alleges. *See Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984); *Pike v. Harold (Chubby) Baird Gate Co.*, 705 S.W.2d 947, 948 (Ky. App. 1986).

For instance, in *Pike v. Harold (Chubby) Baird Gate Company*, the plaintiff accused her employer of violating KRS 342.197, which provides that "no employee shall be harassed, coerced,

discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful [worker's compensation claim]." 705 S.W.2d at 948. Because the "essence of the tort alleged" by the plaintiff was "an interference with a right, . . . not a bodily injury," the Kentucky Court of Appeals overturned the trial court's decision to apply the one-year limitations period for personal injury actions. *Id.* The court instead applied KRS 413.120(2)'s five-year limitations period for actions "upon a liability created by statute, when no other time is fixed by the statute creating the liability." *Id.*

Similarly, in *Craft v. Rice,* the plaintiff alleged that she suffered mental anguish as a result of a former sheriff's harassment, including "keeping her under surveillance" and "telling her . . . that he would put her husband in jail[.]" 671 S.W.2d at 248. The Kentucky Supreme Court found that "[t]he basis of the cause of action [was] intentional interference with the plaintiff's rights causing emotional distress," thereby recognizing the plaintiff's cause of action as one for intentional infliction of emotional distress. *Id.* at 249; *see also Childers v. Geile*, 367 S.W.3d 576, 579 (Ky. 2012). The court reversed the Court of Appeals' decision that applied a one-year statute of limitations for personal injury—KRS 413.140(1)(a)—and instead applied the five-year statute of limitations from KRS 413.120, which applies to actions for "an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated." *Id.* at 248–49; KRS 413.120(6). In other words, the court found that the essence of the intentional infliction of emotional distress tort was interference with a right to be free of emotional distress, not bodily harm, so the five-year statute of limitations was more appropriate. *Id.* at 249.

On the other hand, "when the violation of a statute made actionable by KRS 446.070 results in . . . a personal injury . . . KRS 413.140(1)(a) appl[ies]." *Stovall v. KY120 United AFT*, No. 2024-CA-0627-MR, 2025 WL 2942203, at *4 (Ky. App. Oct. 17, 2025); *see also Toche v. American*

6

*Watercraft*, 176 S.W.3d 694, 698 (Ky. App. 2005) (applying one-year statute of limitations for personal injury claims even where plaintiff advanced a negligence *per se* theory). This is because a claim that asserts a personal injury as a result of violation of a criminal statute can not be rendered timely simply by bringing that claim under KRS 446.070. *See Powers*, 694 S.W.3d at 373–74. Applying this principle in *Powers v. Kentucky Farm Bureau*, the Kentucky Supreme Court found that the plaintiff's claim was subject to a one-year statute of limitations when she alleged bodily injuries resulting from the defendant's violation of the driving while intoxicated statute. *Id.* at 374. Because "any negligence per se claim" that the plaintiff could assert "would necessarily derive from her personal injuries" her claim was "essentially a common law personal injury claim," so the one-year statute of limitations from KRS 413.140(1)(a) applied. *Id.*

Here, McPherson alleges that Amazon harassed him by overworking him, thus resulting in physical injuries. The Court interpreted McPherson's complaint as bringing a private action for Amazon's violation of KRS 525.070(1)(e), under which a person is guilty of harassment if he or she "[e]ngages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." [DE 10 at 39]. However, nearly all the injuries McPherson alleges are physical injuries. He alleges that he suffered: "extreme pain in [his] feet, back[,] and hands"; "callouses on BOTH feet that burned"; "severe lower left back pain"; and "sharp pains in [his] hands while lifting large boxes form their bins." [DE 1-1 at 10]. He alleges that this pain made him unable to walk to his truck at the end of the night, and that he eventually had to seek medical attention "as [he] could no longer stand on [his] feet without severe pain." [*Id.* at 10, 15]. The only allegation that approaches emotional injury is his claim that he was "willing to work through the pain and subtle humiliation that occurred while working at Amazon." [*Id.* at 15]. Because the essence of McPherson's allegations is bodily injury, his claim is essentially a

7

common law personal injury claim and therefore should be subject to the one-year statute of limitations of KRS 413.140(1)(a).

McPherson states that his last day of employment with Amazon was January 19, 2023, so this is the last day his claims could have accrued. He did not file his complaint until October 17, 2024, more than one year after his claims accrued, making his claim untimely. McPherson's only argument in response is that the statute of limitations "does not apply" because the Magistrate Judge has issued a scheduling order. [DE 37 at 189]. McPherson cites no support for this contention, and the Court is not aware of any rule that would prevent Amazon from raising the statute of limitations on a motion for judgment on the pleadings. As a result, the Court finds that McPherson's claims are time-barred and that Amazon is entitled to judgment on the pleadings.

   B.  Failure to State a Claim Under KRS 4460.070 and 525.070

Amazon argues that even if McPherson's claim were not time-barred, the Court should nonetheless grant judgment on the pleadings because McPherson has failed to state a claim for harassment based on KRS 446.070 and KRS 525.070(1)(e). [DE 35 at 179–80].

KRS 446.070 creates a private right of action for a violation of a statute only if "(1) the statute is penal in nature or provides no civil remedy; (2) the plaintiff is within the class of persons the regulation was intended to protect; and (3) the injury suffered was of the kind the regulation was designed to prevent." *Boswell v. United States*, No. CV 7:23-66-KKC, 2025 WL 898307, at *4 (E.D. Ky. Mar. 24, 2025). Accordingly, to state a claim for negligence *per se* under KRS 446.070, McPherson must show that he suffered the kind of injury that the harassment statute— KRS 525.070—was designed to prevent. KRS 525.070(1)(e) states that a person is guilty of harassment when he "[e]ngages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." KRS 525.070(1)(e).

8

KRS 525.070 is "intended to cover those acts which constituted simple assault under prior law"; that is, "nonconsensual touching which does not result in physical injury and conduct which is intended to harass or annoy an individual rather than the public." *Montell v. Diversified Clinical Servs. Inc.*, 969 F. Supp. 2d 798, 807 (E.D. Ky. 2013), *aff'd in part, rev'd in part on other grounds*, 757 F.3d 497 (6th Cir. 2014). Accordingly, harassment under KRS 526.070 "requires proof of the additional fact of *intent to harass, annoy or alarm* another person." *Hart v. Commonwealth*, 768 S.W.2d 552, 554 (Ky. App. 1989). McPherson must therefore plausibly allege that Amazon's acts were part of a course of conduct intended to harass, annoy, or alarm him.

McPherson merely alleges that Amazon subjected him to disciplinary processes for failing to meet expected productivity requirements, and that Amazon provided him training to improve productivity. [*see* DE 1-1 at 10]. McPherson offers no concrete allegations suggesting that Amazon *intended* to harass him by giving him write-ups and by moving him across the across the warehouse. He merely states that "word spread" that he was a convicted sex offender, after which "[i]t didn't' [sic] take long for the harassment to begin[.]" [DE 1-1 at 15]. These allegations are not enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. McPherson also fails to allege that Amazon's actions "serve no legitimate purpose," as required under the harassment statute. *See* KRS 525.070(1)(e). Rather, he admits that he "did not agree with [Amazon's] scheme" and that he believed that his "damaged feet, back and hands were proof enough" that he was working hard. [DE 1-1 at 13]. He also states that he "did NOT agree with [Amazon's] assessment of [his] work productivity, thus acknowledging that Amazon's write-ups served the purpose of assessing his work productivity. Without any concrete allegations of Amazon's ill intent or lack of a legitimate purpose, McPherson cannot establish that he suffered the kind of injury KRS 525.070(1)(e) is designed to prevent. He has therefore failed to state a claim

9

for harassment under KRS 525.070(1)(e). *See Hinton v. Am. Airlines, Inc.*, No. 3:23-CV-00271-GNS, 2024 WL 102218, at \*4 (W.D. Ky. Jan. 9, 2024) (dismissing plaintiff's negligence *per se* claim for harassment under KRS 525.070(1)(e) when plaintiff failed to plausibly allege that defendant's actions served no legitimate purpose or that defendant acted with intent to harass).

McPherson does not respond to Amazon's argument that his claim of personal injury caused by alleged overworking is not the type of injury KRS 525.070 was designed to prevent, so he has conceded that argument. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

Accordingly, even if McPherson's claim were not time-barred under the one-year statute of limitations for personal injury claims, it would be dismissed for failure to state a claim.[3] Because Amazon is entitled to judgment on the pleadings, the Court will deny as moot McPherson's motion to compel discovery.[4] [DE 37].

---

[3] Because the Court finds that Amazon is entitled to judgment on the pleadings both because McPherson's claim is time-barred and because he has failed to plausibly allege harassment, the Court need not address Amazon's argument that McPherson cannot recover the specific type of damages he seeks. Moreover, McPherson failed to respond to Amazon's argument that he is precluded from recovering damages, so he has apparently conceded that argument. *See* Humphrey, 279 F. App'x at 331.

[4] McPherson asks the Court to "compel Discovery, allowing Discovery to continue as ordered by the Magistrate." [DE 37 at 189]. McPherson does not clarify what information he seeks from Amazon or how that material would be relevant to his case. Moreover, Amazon notes that McPherson has not made any discovery requests to Amazon, so "there is nothing for the Court to compel." [DE 40 at 200]. Ultimately, because McPherson has failed to allege a legally cognizable claim and Amazon is entitled to judgment as a matter of law, there is no remaining claim for which McPherson can seek discovery, and his motion is moot.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Amazon's motion for judgment on the pleadings [DE 35] and **DENIES** McPherson's motion to compel discovery [DE 37]. The Court will enter separate judgment and close the case.

Rebecca Grady Jennings, District Judge
United States District Court

March 30, 2026